# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **MARTIN CHILOBE,** *Plaintiff* | § § § § | |
| v. | § § | **Case No. 1:23-cv-01229-DAE** |
| **STATE FARM LLOYDS,** *Defendant* | § § | |

## ORDER

Now before the Court are Plaintiff's Motion to Compel Production, filed January 15, 2025 (Dkt. 25), and Defendant's Response, filed January 21, 2025 (Dkt. 26). By Text Order entered April 14, 2025, the Honorable David A. Ezra referred Plaintiff's Motion to this Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

The Court held a hearing at which both parties appeared through counsel on May 29, 2025, and now issues this Order confirming the rulings made from the bench.

### I. Background

Plaintiff Martin Chilobe sues Defendant State Farm Lloyds for damages to his roof allegedly caused by wind and hail on April 15, 2021. State Farm moves for summary judgment, contending that all Chilobe's claims fail because (1) he lacks evidence that the storm caused the damage to his home; (2) the parties have, at most, a bona fide coverage dispute; and (3) State Farm did not violate the Prompt Payment Claim Act, Texas Insurance Code § 542.058. Dkt. 16 at 1-2. Although Chilobe has filed a response to the summary judgment motion (Dkt. 27), he now asks the Court to compel State Farm to produce documents relevant to the merits of his case.

## II.  Motion to Compel

Chilobe asks the Court to compel State Farm to produce documents responsive to his Request for Production No. 13, seeking:

> Any and all documents, including contracts, rules, guidelines, claims adjusting guidelines, claims investigation guidelines, guidelines regarding the severity, appearance, or character of claimed damage required to be considered by State Farm to qualify as hail damage covered under the terms of the Policy, and/or instructions exchanged between Defendant and any and all adjusters, including Stevie Lewis, Joshua Cotton, Meredith Dumble, Samuel Young, Thomas VanDyke, Lizbeth Babb, and Airon K. Wallace, assigned to Plaintiffs' claim made the basis of this Lawsuit, from the time of hiring through the present, and any other entities with whom Defendant worked or communicated regarding the Property made the basis of this lawsuit.

Dkt. 25-1 at 1. Chilobe argues that the requested documents are relevant to his claims because the homeowner's policy provides coverage "for accidental direct physical loss to the Property described in Coverage A, unless the loss is excluded or limited in SECTION 1 – LOSSES NOT INSURED or otherwise limited in this policy." *Id.* at 4-5. He contends that "State Farm applied a definition of 'hail damage' which is contrary to the definition of 'accidental direct physical loss' and 'physical damage' under the terms of the policy and applicable law." *Id.* at 1.

In response, State Farm argues that Chilobe has not pled any ambiguity in the policy, and if the parties disagree about the meaning of "accidental direct physical loss," their "competing interpretations of policy language are exactly the type of bona fide coverage dispute that cannot rise to the level of bad faith." Dkt. 26 at 4. State Farm also objects to the request on several grounds, including that it is overbroad, unduly burdensome, and seeks irrelevant material.

The Court observes that Chilobe did not respond to any of State Farm's arguments by filing a reply and sustains State Farm's objections. Chilobe's motion also is untimely because it was filed nearly four months after discovery closed on September 20, 2024, in violation of Local Rule CV-16(e), and lacks a certificate of conference, in violation of Local Rule CV-7(g).

Nonetheless, to satisfy Chilobe's request for documents addressing "the meaning of 'hail damage' State Farm used as the basis to deny Plaintiff's claim," Dkt. 25 at 1, the parties agreed during the hearing that State Farm will produce the following documents by **June 30, 2025**:

> Any guidelines for determining hail loss applicable to this claim and available to Stevie Lewis and Meredith Dumble in the decision-making process on this claim.

Any other relief sought in Plaintiff's Motion to Compel Production (Dkt. 25) is **DENIED**.

### III.  Briefing Schedule for Motion for Summary Judgment

As directed by the District Court, this Magistrate Judge **ORDERS** the parties to comply with the following schedule for any amended briefing on Defendant State Farm Lloyds' Motion for Summary Judgment (Dkt. 16):

- State Farm shall file its amended motion for summary judgment, if any, by **July 14, 2025**;

- Chilobe shall file his amended response, if any, by **July 28, 2025**; and

- State Farm shall file its amended reply, if any, by **August 4, 2025**.

The Court **FURTHER ORDERS** the Clerk to remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable David A. Ezra.

**SIGNED** on May 29, 2025.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

3